1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                          SOUTHERN DISTRICT OF CALIFORNIA

10

11   JAMES M. WEIGAND, *et al.*,              )    Civil No. 10cv451-L(BLM)
                                              )
12                       Plaintiffs,          )
                                              )    **ORDER GRANTING**
13   v.                                       )    **DEFENDANT'S MOTION TO**
                                              )    **DISMISS WITH LEAVE TO AMEND**
14   BANK OF AMERICA, N.A., formerly          )
     known as COUNTRYWIDE BANK,               )
15   N.A.,                                    )
                                              )
16                       Defendant.           )
                                              )
17   _____     )

18          In this mortgage foreclosure action Defendant filed a motion to dismiss pursuant to

19   Federal Rule of Civil Procedure 12(b)(6), which Plaintiffs opposed.  For the reasons which

20   follow, the motion to dismiss is **GRANTED WITH LEAVE TO AMEND.**

21          According to the complaint, Plaintiffs own a residence located at 9909 Stanislaus River

22   Drive in Oakdale, California ("Oakdale Residence"), where they both resided until 2007, when

23   Plaintiff James Weigand relocated to Carlsbad for work.  Since then, only Plaintiff Sandra

24   Weigand has resided in the Oakdale Residence.  In 2007 Plaintiffs purchased a residence located

25   at 2105 Twain Avenue in Carlsbad, California ("Carlsbad Residence"), where Mr. Weigand has

26   resided since 2007.  Solely with Defendant's assistance, the purchase of the Carlsbad Residence

27   was financed through a refinancing of the Oakdale Residence.  At the time of the transaction,

28   Plaintiffs and Defendant allegedly all knew and agreed that the intention was for Mrs. Weigand

to occupy the Oakdale Residence until it was sold and that Plaintiffs could not qualify for a mortgage to purchase the Carlsbad Residence unless the Oakdale Residence was sold. Defendant placed Plaintiffs into adjustable rate mortgages, although it allegedly knew that Plaintiffs could not make mortgage payments on both residences once the rates adjusted.  In addition, Plaintiffs applied for a home equity loan with Defendant secured by the Carlsbad Residence, however, Defendant unilaterally and without notice to Plaintiffs allegedly changed the application so that the loan was secured by the Oakdale Residence.  Plaintiffs received several short sale offers for the Oakdale Residence, but Defendant allegedly failed to act on them while real property values started to plummet.  Plaintiffs contend that Defendant stripped their Oakdale Residence of all equity through a refinancing based on predatory lending practices, convincing them to use the refinance proceeds to finance the purchase of the Carlsbad Residence, although they knew that Plaintiffs could not pay off the loans.  Plaintiffs filed the instant action to stave off foreclosure.

Plaintiffs filed a complaint alleging claims for violation of  the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), the Real Estate Settlement Procedure Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), California Business and Professions Code Section 17200 *et seq.*, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing.  They seek damages, rescission and injunctive relief preventing Defendant from collecting on the loans. Plaintiffs based federal subject matter jurisdiction based on federal question under 28 U.S.C. Section 1331 and supplemental jurisdiction under 28 U.S.C. Section 1367.  (Compl. at 2.)

Defendant filed a motion to dismiss all causes of action for failure to state a claim upon which relief can be granted.  A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted).  In reviewing a

1   motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations

2   and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty*

3   *Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  Legal conclusions need not be taken as true

4   merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d

5   1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

6   Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat

7   a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

8          Defendant argues, among other things, that the first cause of action based on TILA

9   violations is time barred.  The applicable statute of limitations for damage claims under TILA is

10  "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).  "[T]he

11  limitations period in Section 1640(e) runs from the date of consummation of the transaction . . .."

12  *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  Both loans were consummated in

13  February 2007.  (Compl. at 5; Def.'s Request for Judicial Notice Exh. A, B, E & F.)[1]  This action

14  was filed on March 1, 2010, long after the statute of limitations had expired.  Plaintiffs did not

15  address this argument in their opposition.

16         "A motion to dismiss based on the running of the statute of limitations period may be

17  granted only 'if the assertions of the complaint, read with the required liberality, would not

18  permit the plaintiff to prove the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68

19  F.3d 1204, 1206-07 (9th Cir. 1995), quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682

20  (9th Cir. 1980).  The untimeliness must appear beyond doubt on the face of the complaint before

21  a claim will be dismissed as time-barred.  *See Supermail Cargo*, 68 F.3d at 1206-07.

22         Because the expiration of the statute of limitations appears on the face of the complaint

23  and because Plaintiffs did not argue that the statute should be equitably tolled, their TILA claim

24  for damages is dismissed as time-barred.

25  / / / / /

26

27         [1]     A matter of public record outside the pleadings may be considered along with the
28  complaint when deciding a motion to dismiss.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

10cv451

1    Defendant also argues that Plaintiffs' rescission claim under TILA is time-barred.

2    Pursuant to 15 U.S.C. Section 1635(f), "[a]n obligor's right of rescission shall expire three years

3    after the date of consummation of the transaction or upon the sale of the property, whichever

4    occurs first . . .." "Consummation means the time that a consumer becomes contractually

5    obligated on a credit transaction."  12 C.F.R. § 226.2(a)(13).

6    Although the note and deed of trust documents are dated February 23, 2007, it appears

7    that both loans were signed by Mr. Weigand on February 28, 2007, when his signatures were

8    notarized.  (*See* Def.'s Request for Judicial Notice Exh. A, B, E & F.)  This action was filed on

9    March 1, 2010.  Under Federal Rule of Civil Procedure 6(a), the first day Plaintiffs could file the

10   complaint was March 1, 2010.  In the reply brief, Defendant does not dispute that the rescission

11   claim was therefore timely filed.  Accordingly, to the extent Defendant's motion is based on the

12   untimeliness of the rescission claim, it is denied.

13   Defendant also argues that Plaintiffs did not adequately allege rescission because they did

14   not allege they had tendered the payment of the amounts due under the loans.  One of the

15   requirements for rescission under section 1635 is the borrower's return of money received from

16   the lender, less interest, finance charges and similar items.  Unless the lender acquiesces in the

17   rescission, the rescission is not automatic.  *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172

18   (9th Cir. 2003).  If rescission were automatic, "a borrower could get out from under a secured

19   loan simply by *claiming* TILA violations, whether or not the lender had actually committed

20   any."  *Id*. (emphasis in original).  A court "may impose conditions on rescission that assure that

21   the borrower meets [his or] her obligations once the creditor has performed its obligations."  *Id*.

22   at 1173.  If the borrower cannot comply with the obligations, *i.e.*, lacks capacity to pay back

23   what he or she received from the lender, the court may decide not to enforce the rescission.  *Id*.

24   Plaintiffs argue that they alleged they can and will tender the funds back to Defendant.

25   This assertion is not supported by a citation to the complaint.  Upon review of the TILA claim in

26   the complaint, including the portions of the complaint which are incorporated into the claim by

27   reference, it does not appear that Plaintiffs included this allegation.  (*See* Compl. at 1-10.)

28   Furthermore, upon review of the exhibits attached to the complaint, the purported notice of

1   rescission for each residence, dated February 26, 2010, does not include an offer to repay but

2   only a statement that upon compliance with Plaintiffs' demands, "we will be contacting you to

3   *discuss* the tender of the reduced payoff amount subject to offset all damages and costs [*sic*]."

4   (Emphasis added.)  This is insufficient to support a claim for rescission.  Accordingly,

5   Defendant's motion to dismiss the TILA claim to the extent it seeks rescission is granted.

6        Plaintiffs' only remaining federal claim is the second cause of action alleging that

7   Defendant violated RESPA.  Defendant argues that this claim should be dismissed because it is

8   alleged with insufficient particularity.  Plaintiffs alleged that they were uncertain whether

9   Defendant is or was a servicer of either loan, however, they stated in a general manner that

10  Defendant "engaged in a pattern or practice of non-compliance with requirements of the

11  mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605."  (Compl. at 10.)  They

12  further alleged on information and belief that Defendant "received money and/or things of value

13  for referrals of settlement service business related to the Subject Loans, in addition to charging

14  Plaintiffs for services that were never rendered in that they conspired to over charge for an

15  appraisal and committed other similar acts."  (*Id*. at 11.)

16       Plaintiffs do not allege sufficient facts in support of the RESPA claim to meet the notice

17  pleading requirements of Rule 8(a) of Federal Rules of Civil Procedure.  Although Rule 8 does

18  not require that the complaint include all facts necessary to carry the plaintiff's burden, it must

19  allege plausible grounds to infer the existence of a claim for relief.  *Al-Kidd v. Ashcroft*, 580

20  F.3d 949, 977 (9th Cir. 2009).  This calls for enough facts to raise a reasonable expectation that

21  discovery will reveal evidence to prove that claim.  *Id*.  Plaintiffs' complaint falls short of this

22  requirement because it does not allege that Defendant was at any time the servicer on either loan,

23  and because it does not identify the alleged violations.  Even the allegation regarding the

24  overcharge for the appraisal does not state whether it was the appraisal of the Carlsbad

25  Residence or the Oakdale Residence.

26       In their opposition, Plaintiffs argue that they sent Defendant a qualified written request

27  under 12 U.S.C. Section 2605(e).  Although this is not alleged in the complaint, attached to the

28  complaint as parts of Exhibits A and B are February 26, 2010 letters, which among other things,

1    request certain information from Defendant pursuant to section 2605(e).  Plaintiffs suggest that

2    the request was necessary to more specifically allege Defendant's RESPA violations, and that

3    Defendant's failure to fully respond to the request constitutes an independent RESPA violation.

4    (Opp'n at 6-7.)  Defendant's alleged failure to fully respond cannot be inferred from the

5    complaint or any of its exhibits.

6          Plaintiff's argument is unavailing in opposition to Defendant's motion to dismiss.  If

7    Defendant was not a loan servicer at any time, RESPA does not obligate it to respond to a

8    section 2605(e) request.  *See* 12 U.S.C. § 2605(e).  Assuming that Defendant is or was a loan

9    servicer, to the extent Plaintiffs are now arguing that failure to fully respond is a separate

10   violation, the violation is not alleged in the complaint.

11         Based on the foregoing, Defendant's motion to dismiss the first and second causes of

12   action is **GRANTED**.  Having granted the motion with respect to the federal claims, the court

13   must next consider whether Plaintiffs' request for leave to amend should be granted.  Rule 15

14   advises the court that leave to amend shall be freely given when justice so requires.  Fed. R. Civ.

15   P. 15(a).  "This policy is to be applied with extreme liberality."  *Eminence Capital, LLC v.*

16   *Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation

17   omitted).

18         In the absence of any apparent or declared reason -- such as undue delay, bad faith
           or dilatory motive on the part of the movant, repeated failure to cure deficiencies
19         by amendments previously allowed, undue prejudice to the opposing party by
           virtue of allowance of the amendment, futility of amendment, etc. -- the leave
20         sought should, as the rules require, be "freely given."

21   *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Dismissal with prejudice and without leave to

22   amend is not appropriate unless it is clear that the complaint could not be saved by amendment.

23   *Id*.  Because it appears that Plaintiffs may potentially be able to amend the claims, the first and

24   second causes of action are **DISMISSED WITH LEAVE TO AMEND**.

25         As no federal claims remain in this action, the court declines to exercise supplemental

26   jurisdiction over the remaining state law claims.  28 U.S.C. § 1367(c).  They are **DISMISSED**

27   **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  Should Plaintiffs choose to

28   file an amended complaint, they may re-allege these claims.

1    Accordingly, it is hereby **ORDERED** as follows:

2       1.  Defendant's motion to dismiss is **GRANTED WITH LEAVE TO AMEND**.

3       2.   If Plaintiffs choose to file an amended complaint, they must file and serve it no later

4    than **March 30, 2011**.  Defendant's response to the amended complaint, if any, must be filed and

5    served within the time set forth in Federal Rule of Civil Procedure 15(a)(3).

6       **IT IS SO ORDERED**.

7

8    DATED:  March 17, 2011

9                                                    _____
                                                     M. James Lorenz
10                                                   United States District Court Judge

11   COPY TO:

12   HON. BARBARA L. MAJOR
     UNITED STATES MAGISTRATE JUDGE

13   ALL PARTIES/COUNSEL

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10cv451